**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>New York</u>
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Aerovías de Integración Regional S.A. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Aires S.A. |
| | | LAN Colombia Airlines S.A. |
| | | Latam Airlines Colombia S.A. |
| | | LAN Colombia Airlines |
| | | Latam Airlines Colombia |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 9  8 – 0  6  4  0  3  9  3 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | |

**Principal place of business**

Carrera 11B # 99-25
Number   Street

Piso 14 WeWork

Bogotá          Republic of Colombia
City            State      ZIP Code

_____
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City            State      ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City            State      ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.latam.com |

| Debtor | Aerovías de Integración Regional S.A. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  8  1  1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Aerovías de Integración Regional S.A.                     Case number (*if known*)_____
          Name

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☑ No
    ☐ Yes.  District _____  When _____  Case number _____
                                                MM / DD / YYYY
                     District _____  When _____  Case number _____
                                                MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.  Debtor    See attached Schedule 1          Relationship    Affiliate
                      District    Southern District of New York    When    Date hereof
                                                                            MM / DD / YYYY
                      Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                Number        Street
                                _____
                                _____
                                City                              State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

### Statistical and administrative information

Debtor   Aerovías de Integración Regional S.A.                              Case number (*if known*)_____
         Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☑ More than 100,000

---

**15. Estimated assets**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/26/2020
              MM / DD / YYYY

✘ _____              Ramiro Alfonsín Balza
  Signature of authorized representative of debtor   Printed name

Title   Authorized Signatory

---

| Debtor | Aerovías de Integración Regional S.A. | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**18. Signature of attorney**

✖    /s/ Lisa M. Schweitzer                    Date    05/26/2020

Signature of attorney for debtor                    MM  / DD / YYYY

Lisa M. Schweitzer

Printed name

Cleary Gottlieb Steen & Hamilton

Firm name

One Liberty Plaza

Number          Street

New York                                    NY          10006

City                                              State        ZIP Code

(212) 225-2641                          lschweitzer@cgsh.com

Contact phone                                  Email address

2837722                                      NY

Bar number                                    State

---

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of LATAM Airlines Group S.A.

1. LATAM Airlines Group S.A.
2. Lan Cargo S.A.
3. Transporte Aéreo S.A.
4. Inversiones Lan S.A.
5. Lan Pax Group S.A.
6. Fast Air Almacenes de Carga  S.A.
7. LATAM Travel Chile II S.A.
8. Technical Training LATAM S.A.
9. Lan Cargo Inversiones S.A.
10. Holdco Colombia I SpA
11. Holdco Colombia II SpA
12. Línea Aérea Carguera de Colombia S.A.
13. Aerovías de Integración Regional S.A.
14. Holdco Ecuador S.A.
15. LATAM Finance Ltd.
16. Peuco Finance Ltd.
17. LATAM Airlines Perú
18. Inversiones Aéreas S.A.
19. Mas Investment Ltd.
20. Lan Cargo Overseas Ltd.
21. LATAM Airlines Ecuador S.A.
22. Professional Airline Cargo Services, LLC
23. Cargo Handling Airport Services, LLC
24. Connecta Corporation
25. Prime Airport Services Inc.
26. Maintenance Service Experts, LLC
27. Lan Cargo Repair Station LLC
28. Professional Airline Maintenance Services LLC
29. Professional Airlines Services Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Aerovías de Integración Regional S.A., | Case No.:  20-(___) |
| Debtor. | Joint Administration Pending |

### CORPORATE OWNERSHIP STATEMENT PURSUANT
### TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the following are corporations, other than a governmental unit, that directly or

indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interest Held |
|---|---|
| Holdco Colombia I SpA | 49.5% |
| Holdco Colombia II SpA | 49.5% |
| Lan Pax Group S.A. | Holds 100% of the equity interest in Holdco Colombia I SpA and 100% of the equity interest in Holdco Colombia II SpA. |
| LATAM Airlines Group S.A. | Holds 99.83% of the equity interest of Lan Pax Group S.A. |
| Delta Air Lines, Inc. | Holds 19.99% of the equity interest of LATAM Airlines Group S.A. |
| Qatar Airways Investments (UK) Ltd. | Holds 10.00% of the equity interest of LATAM Airlines Group S.A. |
| Costa Verde Aeronautica S.A. | Holds 11.19% of the equity interest of LATAM Airlines Group S.A. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al*., | Case No.:  20-(___) |
| Debtors.[1] | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIVE LARGEST SECURED CLAIMS

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of April 30, 2020.  This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 cases.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim.  The failure to list or designate any claim as contingent, disputed or subject to set off, recharacterization or other challenge shall not be a waiver of any of the Debtors' rights or defenses relating thereto.

---

[1]    The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga  S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

| Creditor/Address | Claim Amount | Debt Type | General Description of Collateral |
|---|---|---|---|
| Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890-1605<br>Attn: Corporate Trust Administration<br>Telephone: (302) 636-6000<br>Fax: (302) 636-4140 | $777,509,924 | EETC, Tranche A | (11) 321s,<br>(2) 350s,<br>(4) 787s |
| Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720<br>(302) 894-6010<br>(212) 994-0847<br>Attn: Owen Coyle | $603,162,619 | Revolving Loan Agreement | 26 Planes and 15 Engines and Spare Parts |
| Credit Agricole Corporate & Investment Bank<br>Credit Agricole Building<br>1301 Avenue of the Americas<br>SFI Agency & Middle Office, 20th Floor | $274,365,652 | Engine Loan Facility | 41 Engines |
| Wells Fargo Bank Northwest, National Association<br>260 North Charles Lindbergh Drive<br>Salt Lake City, UT 84116<br>Attn: Corporate Trust Lease Group<br>Telephone: (801) 246-5653<br>Fax: (801) 246-5630 | $276,870,256 | EXIM Aircraft Bond | (9) 767s |
| Natixis<br>30, Avenue Pierre Mendes France -<br>75013 Paris<br>BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Attn: Julie Watremez | $242,989,785 | Aircraft Loan Agreement | (9) A321s |

**Fill in this information to identify the case and this filing:**

Debtor Name __Aerovías de Integración Regional S.A.__

United States Bankruptcy Court for the: __Southern__   District of __New York__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule ____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration_____
Corporate Ownership Statement; Top 5 Secured Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/2020__        **✘** _____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                  Ramiro Alfonsín Balza
                                  Printed name

                                  Authorized Signatory
                                  Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name:  LATAM Airlines Group S.A., et al.

Bankruptcy Court for the Southern District of New York

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | LATAM 2026 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2026 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $800,000,000.00 |
| 2 | LATAM 2024 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2024 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $700,000,000.00 |
| 3 | Banco Santander Chile Bandera N° 140 Santiago, Metropolitana Chile | Banco Santander Chile Maria Soledad Schuster PHONE: 56 (2) 2648 3669 Anexo 83669 FAX: EMAIL: mariasoledad.schuster@santander.cl | FREQUENT FLIER MILES | Contingent | | | $549,000,000.00 |
| 4 | Local Bonds, Series E Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series E Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $179,030,673.32 |
| 5 | Banco de Credito del Perú Calle Centenario 156 Lima, Lima Peru | Banco de Credito del Perú Gianfranco Piero Ferrari de las Casas, CEO PHONE: 51.1.313.2000 FAX: 51.1.313.2121 EMAIL: consultationsbcp@bcp.com.pe; reclamamos@bcp.com.pe | FREQUENT FLIER MILES | Contingent | | | $167,000,000.00 |
| 6 | Banco Santander Madrid Av. de Cantabria s/n 28660 Boadilla del Monte Madrid, Madrid Spain | Banco Santander Madrid Luis Casero Ynfiesta PHONE: +34 91 289 72 47 FAX: EMAIL: luis.casero@gruposantander.com | UNSECURED DEBT | | | | $139,500,000.00 |
| 7 | Local Bonds, Series A Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series A Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 8 | Local Bonds, Series B Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series B Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 9 | Scotiabank Chile Casa Matriz Av Costanera Sur 2710 Torre A Santiago Chile | Scotiabank Chile Federico Alonso PHONE: 416-866-6161 FAX: EMAIL: Federico.Alonso@scotiabank.cl | UNSECURED DEBT | | | | $74,000,000.00 |

The information set forth herein represents the Debtors' best efforts to identify the relevant claims, and shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Furthermore, the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any right of the Debtors' rights relating thereto.

Debtor LATAM Airlines Group S.A., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | Local Bonds, Series C<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series C<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 11 | Local Bonds, Series D<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series D<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 12 | Banco BTG Pactual Chile, as Agent<br>Avenida Costanera Sur 2730, 19th floor<br>Santiago, Metropolitana<br>Chile | Banco BTG Pactual Chile, as Agent<br>Rodrigo Oyarzo<br>PHONE: +56 22 587 5027<br>FAX:<br>EMAIL: Rodrigo.Oyarzo@btgpactual.com | UNSECURED DEBT | | | | $59,438,183.54 |
| 13 | American Express Travel Related Services Company, Inc<br>200 Vesey Street<br>New York, NY 10285 | American Express Travel Related Services Company, Inc<br>Liliana Gutierrez<br>PHONE: +56 2 2783 8733<br>FAX:<br>EMAIL: liliana.w.gutierrez@aexp.com | UNSECURED DEBT | | | | $52,511,111.00 |
| 14 | Banco del Estado de Chile<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Banco del Estado de Chile<br>Francesca Gardella<br>PHONE: 56979695018<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED DEBT | | | | $40,000,000.00 |
| 15 | BP p.l.c (Air BP)<br>501 Westlake Park Boulevard<br>Houston, TX 77079<br>United States | BP p.l.c (Air BP)<br>John  Platt, CEO<br>PHONE:  971 5 04536032<br>FAX: 971 4 3318628<br>EMAIL: airbpoutofhours@bp.com | TRADE DEBT | | | | $38,940,366.00 |
| 16 | World Fuel Services<br>9800 NW 41 Street, Suite 400.<br>Miami, FL 33178 | World Fuel Services<br>RICHARD HOPPE<br>PHONE: 1-305-799-3532<br>FAX:<br>EMAIL: RHoppe@wfscorp.com | TRADE DEBT | | | | $30,030,023.00 |
| 17 | Itaú CorpBanca<br>Avenida Presidente Riesco 5537, 16th Floor<br>Santiago, Metropolitana<br>Chile | Itaú CorpBanca<br>Carlos Irarrazaval<br>PHONE: 56961699692<br>FAX:<br>EMAIL: Carlos.Irarrazaval@itau.cl | UNSECURED DEBT | | | | $29,857,588.21 |
| 18 | Dirección General de Aeronáutica Civil<br>AV. Miguel Claro 1314<br>Providencia<br>Chile | Dirección General de Aeronáutica Civil<br>Victor Villalobos Collao<br>PHONE: 2-4392000<br>FAX:<br>EMAIL: victor.villalobos@dgac.gob.cl | TRADE DEBT | | | | $17,063,704.59 |
| 19 | Aerospace Turbine Services & Solutions<br>Adjacent Abu Dhabi Intl Airport Turbine Services Building<br>Gate Number 3<br>Abu Dhabi<br>United Arab Emirates | Aerospace Turbine Services & Solutions<br>Mansoor Janahi<br>PHONE: +971 (2) 5057887<br>FAX:<br>EMAIL: MJanahi@tssaero.ae | TRADE DEBT | | | | $16,632,517.20 |
| 20 | OneWorld<br>2 Park Avenue<br>Suite 1100<br>New York, NY 10016 | OneWorld<br>Rob Gurney, CEO<br>PHONE: 604-713-2660<br>FAX:<br>EMAIL: rob.gurney@oneworld.com | TRADE DEBT | | | | $14,753,378.00 |
| 21 | The Boeing Company<br>100 N Riverside Drive<br>Chicago, IL 60606 | The Boeing Company<br>Gayle K. Wilson<br>PHONE: 206-6629829<br>FAX:<br>EMAIL: gayle.k.wilson@boeing.com; jessica.l.waddell@boeing.com | TRADE DEBT | | | | $16,167,786.00 |
| 22 | Etihad Airways Engineering<br>SN New Airport Road<br>P. O. BOX 35566<br>Khalifa City A<br>Abu Dhabi<br>United Arab Emirates | Etihad Airways Engineering<br>Frederic Dupont<br>PHONE: 971 56 685 0160<br>FAX:<br>EMAIL: FDUPONT@etihad.ae | TRADE DEBT | | | | $14,425,131.05 |
| 23 | Gate Gourmet US, Inc<br>1880 Campus Commons Drive<br>Suite 200<br>Reston, VA 20191 | Gate Gourmet US, Inc<br>Rodrigo Decerega<br>PHONE:  1 (786) 2572043<br>FAX:<br>EMAIL: rdecerega@gategroup.com | TRADE DEBT | | | | $13,975,615.00 |

Debtor LATAM Airlines Group S.A., et al.                                                                                                                                        Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Lavalle, Brown & Ronan PA 750 South Dixey Highway Boca Raton, FL 33432 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Kenneth Ronan PHONE: 561-395-0000 FAX: EMAIL: kronan@lavallebrown.com | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $12,440,000.00 |
| 25 | HSBC Bank Chile Av. Isidora Goyenechea 2800 Floor 23 Santiago, Metropolitana Chile | HSBC Bank Chile Alexandre Falcao PHONE: 212-525-4449 FAX: EMAIL: alexandre.p.falcao@us.hsbc.com | UNSECURED DEBT | | | | $12,000,000.00 |
| 26 | Sistemas Globales Chile-Asesorias Limitada Av.Apoquindo Oficina S 3600 Las Condes Chile | Sistemas Globales Chile-Asesorias Limitada Natalia Croce PHONE: 2 - 24468423 FAX: EMAIL: natalia.croce@globant.com; Billing@globant.com | TRADE DEBT | | | | $11,906,629.20 |
| 27 | Repsol S.A. 2455 Technology Forest Blvd The Woodlands, TX 77381 | Repsol S.A. Josu Jon Imaz San Miguel, CEO PHONE: 832-442-1000 FAX: EMAIL: infous@repsol.com; ralvarezp.ir@repsol.com | TRADE DEBT | | | | $11,135,377.56 |
| 28 | Talma Servicios Aeroportuarios S.A. Av. Elmer Faucett 2879 Piso 4 Lima Para City, Callao 7031 Peru | Talma Servicios Aeroportuarios S.A. Entrevista a Arturo Cassinelli, CEO PHONE: 51 1 513 8900 Anexo 41123 / 41148 / 41140 FAX: EMAIL: anabel.ruiz@talma.com.pe;deisy.villar@talma.com.pe;eliza beth.pizarro@talma.com.pe;graciela.guillen@talma.com.p e;patricia.aranguren@talma.com.pe;rudi.landauro@talma. com.pe | TRADE DEBT | | | | $11,071,121.78 |
| 29 | General Directorate for Competition of the European Commission Place Madou Madouplein 1 Brussels, Saint-Josse-ten-Noode 1210 Belgium | General Directorate for Competition of the European Commission Mr Olivier Guersent, Director General PHONE: +32-229-65414 FAX: EMAIL: Olivier.Guersent@ec.europa.eu | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $9,217,000.00 |
| 30 | CFM International, Inc. One Neumann Way Cincinnati, OH 45215 | CFM International, Inc. Gaël Méheust, CEO PHONE: 513-552-3272 FAX: EMAIL: aviation.fleetsupport@ge.com | TRADE DEBT | | | | $7,458,917.21 |
| 31 | AerCap 65 St. Stephen's Green AerCap House Dublin D02 YX20 Ireland | AerCap Phil Scruggs (CCO) PHONE: 353-1-819-2010 FAX: EMAIL: akelly@aercap.com; pscruggs@aercap.com | TRADE DEBT | | | | $7,430,428.00 |
| 32 | Petróleo Brasileiro S.A 200 Westlake Park Boulevard Suite 1000 Houston, TX 77079 | Petróleo Brasileiro S.A RODRIGO MOTTA GUIMARES PHONE: 5521996474208 FAX: EMAIL: rodrigo@br-petrobras.com.br | TRADE DEBT | | | | $7,226,085.75 |
| 33 | Avolon 640 5th Ave 19th Floor New York, NY 10019 | Avolon John Higgins (CCO) PHONE: 646-609-8970 FAX: EMAIL: jhiggins@avolon.aero; fcampos@avolon.aero | TRADE DEBT | | | | $6,483,212.00 |
| 34 | BBAM Aircraft Leasing & Management 50 California Street 14th Floor San Francisco, CA 94111 | BBAM Aircraft Leasing & Management Daniel Silberman PHONE: 415-267-1600 FAX: 415-618-3337 EMAIL: daniel.silberman@bbam.com | TRADE DEBT | | | | $6,329,142.68 |
| 35 | Petróleos del Perú S.A. Av.Paseo De La Republica 3361 Sn  I Lima Peru | Petróleos del Perú S.A. ALONSO RIVERA PHONE: 996720438 FAX: EMAIL: arivera@petroperu.com.pe. | TRADE DEBT | | | | $5,499,404.73 |
| 36 | Collins Aerospace 2730 W Tyvola Road 4 Coliseum Center Charlotte, NC 28217 | Collins Aerospace Stephen Ribaudo PHONE: 1 860 503 9729 FAX: EMAIL: stephen.ribaudo@collins.com | TRADE DEBT | | | | $5,341,080.00 |
| 37 | Everis Chile SA Libertador 8 Ohiggins 1449. 1449 Santiago Chile | Everis Chile SA Juan Pablo Buiatti PHONE: 2-4215300 FAX: EMAIL: juan.pablo.buiatti.dal.pietro@everis.com; chile.finances@everis.com | TRADE DEBT | | | | $4,815,827.57 |
| 38 | CAE, Inc. Emirates Aviation College Bldg Dubai United Arab Emirates | CAE, Inc. Michel Azar-Hmouda PHONE: 1 972 456-8070 FAX: EMAIL: michel.azarhmouda@cae.com | TRADE DEBT | | | | $4,672,327.00 |
| 39 | Organización Terpel S.A. Av Eldorado, 99. Bogota Colombia | Organización Terpel S.A. LILIANA TOVAR SILVA PHONE: 315-355-4671 FAX: EMAIL: ltovar@terpel.com | TRADE DEBT | | | | $4,653,261.27 |

Debtor LATAM Airlines Group S.A., et al.                                                                                          Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 40    Empresa Argentina de Navegación Aérea Rivadavia  578 3nd Piso Buenos Aires, AAQ C-100 2 Argentina | Empresa Argentina de Navegación Aérea Cristian Arnau PHONE: FAX: EMAIL: carnau@eana.com.ar | TRADE DEBT | | | | $4,215,496.00 |

| | |
|---|---|
| **ACTA No. 519**<br>**JUNTA DIRECTIVA DE**<br>**AEROVIAS DE INTEGRACION REGIONAL S.A.** | **MINUTES No. 519**<br>**BOARD OF DIRECTORS**<br>**AEROVIAS DE INTEGRACION REGIONAL S.A.** |

En la ciudad de Bogotá D.C., a las 16:50 del 25 de mayo de 2020, una vez recibidas las manifestaciones escritas del voto de todos los miembros de la Junta Directiva de AEROVIAS DE INTEGRACION REGIONAL S.A. (la "Sociedad"), se procedió a elaborar la presente acta de la Junta Directiva, con el fin de dar cumplimiento al artículo 20 de la Ley 222 de 1.995 y dejar así constancia en el correspondiente libro de actas sobre las decisiones adoptadas por este órgano social.

In the city of Bogota, D.C., on May 25, 2020, at 16:50, upon receiving the written consents of all the members of the Board of Directors of AEROVIAS DE INTEGRACION REGIONAL S.A. (the "Company"), this minutes of the Board of Directors was drafted to comply with article 20 of Law 222, 1995, and to record in the correspondent Minute Book the decision adopted by this corporate body.

**1.  Decisiones**

**1.  Decision**

A continuación, se transcribe el texto de las decisiones adoptadas con el voto favorable de todos los miembros de la Junta Directiva mediante su manifestación de voto escrita dirigida a la Sociedad:

The following is the text of the decision adopted unanimously by all the members of the Board of Directors by means of written consents addressed to the Company:

"RESOLUCIÓN ÚNICA
La Junta Directiva de
AEROVIAS DE INTEGRACION REGIONAL S.A.,
en ejercicio de sus atribuciones legales y estatutarias,
CONSIDERANDO:

"UNIQUE RESOLUTION
The Board of Directors of
AEROVIAS DE INTEGRACION REGIONAL S.A., by
means of its legal and statutory rights,
WHEREAS:

i)      Que el 11 de marzo de 2020, la Organización Mundial de la Salud declaró el brote generalizado del reciente COVID-19 como pandemia mundial. Durante las semanas que le siguieron a dicha declaración, los países de todo el mundo, incluyendo cada uno de aquellos en los que Latam Airlines Group S.A. y sus personas relacionadas ("LATAM") tienen sus operaciones principales, anunciaron severas restricciones de viaje y/o cierre directo de sus fronteras. El impacto en la industria aérea fue casi instantáneo, y en abril de 2020, los vuelos de transporte de pasajeros se redujeron a aproximadamente un 4% de las rutas de LATAM previo a la crisis del COVID-19.

i)      On March 11, 2020 the World Health Organization declared the widespread outbreak of the novel COVID-19 a global pandemic. Over the intervening weeks, countries around the world, including each of those in which the Latam Airlines Group S.A. and its affiliates ("LATAM") have their primary operations, announced severe travel restrictions and/or outright closure of their borders. The impact on the airline industry was almost instantaneous, and as of April 2020, LATAM's passenger flights are limited to roughly 4% of LATAM's routes prior to the COVID-19 crisis.

ii)      Que a pesar de tomar medidas significativas de ahorro de costos y preservación de liquidez, la posición de liquidez de la Sociedad ha seguido deteriorándose a raíz de la pandemia COVID-19.

ii)      Despite undertaking meaningful cost-saving and liquidity preserving measures, the Company's liquidity position has continued to deteriorate in the wake of the COVID-19 pandemic.

iii)      Que la Junta Directiva ha revisado y tuvo la oportunidad de hacer preguntas sobre los antecedentes suministrados por la administración y los asesores legales

iii)      The Board of Directors has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of

y financieros de la Sociedad y sus personas relacionadas en relación con los pasivos y la liquidez de la misma, las alternativas estratégicas disponibles para ella, y el impacto de lo anterior en su negocio.

iv)    Que la Junta Directiva ha consultado a la administración y los asesores legales y financieros de la Sociedad y sus personas relacionadas y, habiendo considerado en su totalidad cada una de las alternativas estratégicas disponibles, ha concluido que es deseable y en el mejor interés de la Sociedad, sus acreedores y otros interesados, presentar una solicitud voluntaria de amparo conforme al Chapter 11 (según se define más adelante).

v)    Que el Procedimiento Chapter 11 (según se define a continuación) representa la mejor oportunidad de la Sociedad para asegurar la estabilidad y cumplir con sus obligaciones con sus partes interesadas. La Sociedad tiene la intención de utilizar las herramientas sustantivas y de procedimiento disponibles en el Procedimiento del Capítulo 11 para maximizar la eficiencia de sus operaciones en curso y renegociar ciertas relaciones contractuales clave a la luz de las condiciones actuales del mercado.

vi)    Que, como conclusión de dichas consultas, es deseable y en el mejor interés de la Sociedad y sus acreedores, empleados y otras partes interesadas el solicitar el comienzo de un procedimiento de reorganización bajo el Capítulo 11 (según este término se define más adelante), por la presente,

RESUELVE:

**Artículo Primero – Autorización.** Autorizar el sometimiento de AEROVIAS DE INTEGRACION REGIONAL S.A., como subordinada de LATAM AIRLINES GROUP S.A. (la "Sociedad"), a un proceso de reorganización (el "Procedimiento Chapter 11") en los Estados Unidos de América conforme a las normas establecidas en el Capítulo 11 ("Chapter 11") del Título 11 del Código de los Estados Unidos de América (el "Bankruptcy Code"), presentando una solicitud voluntaria de amparo (*voluntary petition relief*) conforme al mismo en el distrito y el momento que sea escogido por dicha persona.

**Artículo Segundo –** Solicitar la designación de Latam Airlines Group S.A. como representante extranjero del Procedimiento Chapter 11 en carácter de procedimiento extranjero ante los tribunales, autoridades y acreedores de

the Company and its affiliates regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business.

iv)    The Board of Directors has consulted with the management and the financial and legal advisors of the Company and its affiliates and, having considered fully each of the strategic alternatives available to it, has concluded that it is desirable and in the best interests of the Company, its creditors and other interested parties, to file a voluntary petition for relief under Chapter 11 (as defined below).

v)    The Chapter 11 Proceeding (as defined below) represents the Company's best opportunity to ensure stability and meet its obligations to its stakeholders. The Company intends to use the substantive and procedural tools available in the Chapter 11 Proceeding to maximize the efficiency of its ongoing operations and renegotiate certain key contractual relationships in light of current market conditions.

vi)    As a conclusion of such consultations, it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties to file a voluntary petition for relief under Chapter 11 (as defined below), hereby,

RESOLVES:

**Article First – Authorization.** To authorize AEROVIAS DE INTEGRACION REGIONAL S.A. (the "Company"), as a subsidiary of LATAM AIRLINES GROUP S.A., to apply for a reorganization proceeding (the "Chapter 11 Proceeding") in the United States of America pursuant to the rules outlined in Chapter 11 ("Chapter 11") of Title 11 of the United States Code (the "Bankruptcy Code"), by filing a voluntary petition for relief thereunder in any district at such time as the person executing such petition shall determine it.

**Article Second -** To request the appointment of Latam Airlines Group S.A. as the foreign representative of the Chapter 11 Proceeding as a foreign proceeding before the

jurisdicciones distintas de los Estados Unidos de América para todos los efectos a que haya lugar.

**Artículo Tercero** - Facultar a los señores Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Andrés del Valle Eitel, Juan Carlos Menció y José María Eyzaguirre Baeza (los "Representantes") para que cada uno de ellos actuando individualmente o en forma conjunta, en nombre y representación de la Sociedad, puedan:

i)      autorizar, suscribir y presentar todas las solicitudes, peticiones, anexos, mociones, listados, alegatos, documentos y otros antecedentes, suscribir acuerdos, extender documentos, realizar declaraciones y presentaciones, participar en audiencias y tomar todas y cada una de las medidas que considere necesarias o apropiadas para presentar una solicitud voluntaria de amparo (*voluntary petition relief*) bajo el Capítulo 11, y adoptar e implementar todos y cualesquiera actos y decisiones que ellos puedan considerar necesarias, pertinentes o deseables en relación con el Procedimiento Chapter 11, encaminadas al éxito del mismo, incluyendo, sin limitación, la realización de cualquier acción necesaria para mantener el curso ordinario y la continuidad de la operación de los negocios de la Sociedad, sea frente a un tribunal federal de los Estados Unidos de América o frente a cualquier otro tribunal o autoridad que corresponda conforme a las reglas que rigen el Procedimiento Chapter 11; y

ii)     obtener financiamiento posterior a la solicitud de reorganización bajo el Procedimiento Chapter 11 (el "Financiamiento DIP") y, de corresponder, el uso de garantías en efectivo, en términos sustancialmente similares a los presentados al Directorio en esta sesión, y sujeto a los términos y condiciones precedentes adicionales que se establezcan en la documentación definitiva, y en relación con ello, (a) negociar, ejecutar, otorgar y presentar frente a tribunales o autoridades (según fuere necesario) los contratos de crédito correspondientes, garantías, contratos de garantía, notas, contratos de garantía en efectivo y los documentos relacionados, certificados e instrumentos, y con respecto a cada uno de los anteriores, y cualquier modificación, suplemento, extensión o renovación de los mismos (conjuntamente, los "Documentos del Crédito DIP"), (b) dar garantías en favor de uno o más agentes, en beneficio de los financistas bajo los mismos, dar otras seguridades para el Financiamiento DIP, (c) negociar, ejecutar, entregar o archivar (según sea necesario) cada contrato, instrumento o documento que sea negociado, suscrito,

courts, authorities, and creditors of jurisdictions other than those of the United States of America.

**Article Third -** To authorize Messrs. Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza,, Andrés del Valle Eitel, Juan Carlos Menció and José María Eyzaguirre Baeza (the "Representatives") so that each of them acting individually or jointly may, on behalf of and representing the Company:

i)      authorize, execute and file all applications, petitions, schedules, motions, lists, pleadings, documents and other papers, enter into agreements, issue documents, make statements and filings, participate in hearings and take any and all actions that they deem necessary or appropriate to file the voluntary petition for relief under Chapter 11, and take and perform any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding, with a view towards the successful prosecution of such case, including, without limitation, any action necessary to maintain the ordinary course and continuity of the operation of the Company's business, whether before a federal court of the United States of America or any other court or governmental entity under the rules governing the Chapter 11 Proceeding; and

ii)     obtain post-petition financing (the "DIP Financing") and, if applicable, cash collateral usage on terms substantially in the form of such terms presented to the Board of Directors on the date hereof, and subject to the further terms and conditions precedent set forth in the definitive documentation, and in connection therewith, (a) negotiate, execute deliver and file (as necessary) appropriate loan agreements, guarantees, security agreements, notes, cash collateral agreements and related ancillary documents, certificates and instruments, and with respect to each of the foregoing, and any amendments, supplements, modifications, extensions and renewals thereto (collectively, the "DIP Facility Documents"), (b) grant security interests in favor of the agent(s), for the benefit of the lenders thereunder, to secure the obligations under the DIP Facility, (c) to negotiate, execute, deliver or file (as necessary) each other agreement, instrument or document to be negotiated, executed, delivered or filed (as necessary), (together with the DIP Facility Documents, the "DIP Documents") in the name and on behalf of the Company, pursuant thereto or in connection therewith, and

entregado o presentado (según sea necesario) (conjuntamente con los Documentos del Crédito DIP, los "Documentos DIP"), en nombre y representación de la Sociedad, de conformidad con o en relación con el mismo, y (d) cumplir sus obligaciones bajo los Documentos DIP y suscribir todos los actos, y negociar y pagar cualquier honorario, impuestos u otros gastos, en cada caso, en los términos y condiciones que el Representante que lo ejecute considere necesario, adecuado o deseable, todo ello con los cambios y adiciones que cualquier Representante apruebe, lo que quedará demostrado por el solo hecho de ejecutarse dichos actos.

Los Representantes quedan expresamente autorizados para delegar los poderes conferidos mediante la presente resolución.

**Artículo Cuarto -** Contratar y mantener a los siguientes asesores en las calidades que en cada caso se identifican (los "Asesores"), para todos los efectos del Procedimiento Chapter 11 y materias relacionadas:

i. Al estudio de abogados Claro & Cía., para que en coordinación con el estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP, asesore a la Sociedad en la evaluación, coordinación general, presentación, ejecución, negociación y finalización del Procedimiento Chapter 11 y todos los demás procesos relacionados con el mismo y en cualquier procedimiento concursal en que tenga interés la Sociedad.

ii. Al estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP como asesor legal general en el contexto del Procedimiento Chapter 11, para que en esta calidad y en coordinación con el estudio de abogados Claro & Cía., represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos.

iii. Al estudio de abogados Togut, Segal & Segal, LLP como asesor de conflictos en el contexto del Procedimiento Chapter 11, para que en tal condición y en coordinación con los estudios de abogados Claro & Cía. y Cleary, Gottlieb, Steen & Hamilton LLP, represente y asista a la

(d) perform its obligations under the DIP Documents and take any other actions, and negotiate and pay all fees, taxes and other expenses in connection with the foregoing; in each instance, on such other terms and conditions as such Representative executing the same may consider necessary, proper or desirable ,all with such changes therein and additions thereto as any Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

The Representatives are expressly authorized to delegate the authority hereby granted to them.

**Article Fourth -** To hire and retain the following advisors under the following capacities (the "Advisors"), for all purposes in connection to the Chapter 11 Proceeding and related matters:

i. The law firm Claro & Cía., to, in coordination with the law firm Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in the assessment, general coordination, filing, execution, negotiation and completion of the Chapter 11 Proceeding and all other proceedings related thereto and any bankruptcy proceedings in which the Company may have an interest.

ii. The law firm Cleary, Gottlieb, Steen & Hamilton LLP as lead counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firm Claro & Cía., to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings.

iii. The law firm Togut, Segal & Segal, LLP as conflicts counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, to represent and assist the Company in the performance of its

Sociedad en el desempeño de sus funciones y deberes bajo el Bankruptcy Code y asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos.

iv.  Al estudio de abogados Brigard Urrutia Abogados S.A.S. para que en coordinación con los estudios de abogados Claro & Cía. y Cleary Gottlieb, Steen & Hamilton LLP, asesore a la Compañía en Colombia en lo relativo al desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la adopción de todas y cada una de las medidas que sean adecuadas o pertinentes en Colombia para ejercer los derechos y obligaciones de la Compañía en tales asuntos, incluyendo sin limitación, mediante la solicitud de reconocimiento en Colombia del Procedimiento Chapter 11. Al efecto Brigard Urrutia Abogados S.A.S. podrá otorgar poderes a sus abogados.

v.  FTI Consulting, Inc. como asesor financiero en relación con las materias propias del Procedimiento Chapter 11 para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code*.

vi.  PJT Partners, Inc. como asesor financiero en relación con los asuntos relativos al Procedimiento del Chapter 11 para representar y ayudar a la Sociedad en el desempeño de sus deberes y funciones bajo el *Bakruptcy Code*.

vii.  Prime Clerk LLC, como agente de avisos y reclamaciones, para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos.

viii.  Cualquier otro asesor legal, contable, asesor financiero u otro profesional que represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code*, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y

functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings.

iv.  The law firm Brigard Urrutia Abogados S.A.S. to, in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in Colombia in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in Colombia in connection therewith, including, without limitation, by means of the petition of recognition in Colombia of the Chapter 11 Proceeding. To that effect, Brigard Urrutia Abogados S.A.S. may grant powers of attorney to its attorneys.

v.  FTI Consulting, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code.

vi.  PJT Partners, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code.

vii.  Prime Clerk LLC, as notice and claims agent, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith.

viii.  Any other legal counsel, accountants, financial advisors or other professionals to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company

obligaciones de la Sociedad en tales asuntos; lo anterior a discreción de los Representantes.

Los Representantes quedan autorizados, facultados e instruidos para celebrar contratos de asesoría y prestación de servicios con los Asesores, incluyendo los acuerdos de retención que sean necesarios, para pagar los anticipos correspondientes y para hacer que se presente una solicitud apropiada de autorización para contratar los servicios de dichos Asesores.

**Artículo Quinto** – Autorizar a los Representantes y/o al representante legal de la Sociedad y/o a quien estos designen, para que, en su criterio y con las más amplias facultades, inicien un proceso de reconocimiento del proceso de insolvencia iniciado bajo las reglas del Procedimiento Chapter 11 o de cualquier otro que inicie la Sociedad, de conformidad con los procedimientos y reglas de la legislación colombiana sobre insolvencia y sobre insolvencia transfronteriza.

**Artículo Sexto** – Adicionalmente autorizar y facultar a los Representantes, para que en nombre y representación de la Sociedad, adopten (o causen la adopción de) cualquier otra medida, y para que realicen, firmen, suscriban, reconozcan y entreguen, y presenten todos los acuerdos (incluidos los elementos de prueba de los mismos), certificados, instrumentos, enmiendas, declaraciones juradas, órdenes, instrucciones, certificaciones, solicitudes, recibos, declaraciones de financiamiento u otros instrumentos y a pagar todos los gastos, incluidos, entre otros, los gastos de presentación, en cada caso, según el Representante considere necesario, aconsejable o deseable, a su discreción, para alcanzar completamente el propósito de los acuerdos anteriores, a celebrar y otorgar dichos instrumentos, y a cumplir plenamente las condiciones y disposiciones de los mismos.

**Artículo Séptimo** - Ratificar y confirmar en su totalidad todos los actos, acciones y operaciones relacionados con los acuerdos antes referidos, en la medida que puedan haber sido adoptados o ejecutadas en nombre y/o representación de la Sociedad y sujetos a los términos de los demás acuerdos de que da cuenta esta acta.

**Artículo Octavo - Secretario:** Para los efectos previstos en la ley y especialmente para la firma del acta en la que se hagan constar las decisiones contenidas en esta resolución, se designa a Erika Paola Zarante Bahamón.”

in connection therewith; the foregoing at the discretion of the Representatives.

The Representatives are authorized, empowered and instructed to enter into advisory and service contracts with the Advisors, including appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such Advisors.

**Article Fifth** – To authorize the Representatives and/or the legal representative of the Company and/or whoever they appoint, under their discretion and with sufficient powers, to initiate a process of recognition of the insolvency proceedings initiated under the rules of the Chapter 11 Proceeding or any other process that the Company initiates, in accordance with the Colombian proceedings and rules on insolvency and cross-border insolvency.

**Article Sixth** - In addition to the specific authorizations heretofore conferred upon the Representatives, to authorize and empower the Representatives, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to make, sign, execute, acknowledge and deliver, and file any and all arrangements, agreements (including exhibits thereto), agreements, certificates, instruments, amendments, affidavits, orders, directions, certifications, requests, receipts, financing statements or other instruments and to pay all expenses, including but not limited to filing fees, in each case as in such Representative or Representatives’ judgment shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions, and to execute and deliver such instruments, and to fully perform the terms and provisions thereof.

**Article Seventh** - To ratify and confirm in their entirety all the acts, actions and transactions related to the matters contemplated by the foregoing resolutions to the extent that such acts, actions and transactions have been taken or executed in the name of or on behalf of the Company and subject to the terms of the other resolutions adopted herein.

**Article Eight - Secretary:** For legal purposes, and especially, to execute the minutes as evidence of the decisions contained in this resolution, to appoint Erika Paola Zarante Bahamón.”

## 2. Manifestaciones de Voto por Escrito

Los señores miembros de la Junta Directiva manifestaron su voto favorable por escrito dirigido a la Sociedad y recibido por la administración en la forma como se indica en el siguiente cuadro:

| Miembro Principal de la Junta Directiva | Fecha de Recibo del Voto | Sentido del Voto |
|---|---|---|
| Jorge Nicolás Cortázar | 25 de mayo de 2020 | Afirmativo |
| Jaime Antonio Gongora | 25 de mayo de 2020 | Afirmativo |
| Jose Mauricio Rodriguez | 25 de mayo de 2020 | Afirmativo |

## 3. Elaboración y Asiento del Acta

En cumplimiento de lo establecido en el artículo 21 de la Ley 222 de 1995, firman la presente acta el Representante Legal de la Sociedad y el Secretario de la Sociedad designado por los miembros de la Junta Directiva, a los 25 días del mes de mayo de 2020.

REPRESENTANTE LEGAL

Jaime Antonio Gongora

SECRETARIA DE LA SOCIEDAD

Erika Paola Zarante

## 2. Written consents

The members of the Board of Directors expressed their vote by means of written consents addressed to the Company and received by the administration of the Company as follows:

| Member of the Board of Directors | Date of the Vote | Vote |
|---|---|---|
| Jorge Nicolás Cortázar | 25 de mayo de 2020 | Affirmative |
| Jaime Antonio Gongora | 25 de mayo de 2020 | Affirmative |
| Jose Mauricio Rodriguez | 25 de mayo de 2020 | Affirmative |

## 3. Draft of the minutes

According to article 21 of Law 222, 1995, these minutes is executed by the Legal Representative of the Company, and the Secretary of the Company appointed by the members of the Board of Directors, on May 25, 2020.

LEGAL REPRESENTATIVE

Jaime Antonio Gongora

SECRETARY OF THE COMPANY

Erika Paola Zarante